___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

OCT 1 0 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____SMH_____ DEPUTY

ORIGINAL

SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | *12-3327MB* |
| Search Warrant For: | **ORDER TO SEAL** |
| Information associated with email address gatewoodshannon@gmail.com that is stored at premises controlled by Google, Inc. | (Under Seal) |

Based upon the Motion of the United States of America, and good cause appearing,

IT IS ORDERED that the Application and Affidavit for the Search Warrant, and the Motion to Seal and the Order to Seal are hereby sealed on the grounds that disclosure would jeopardize an ongoing investigation and should remain sealed until further order of this Court.

DATED this *6th* day of August, 2012.

Honorable Lawrence O. Anderson
United States Magistrate Judge

1   JOHN S. LEONARDO
    United States Attorney
2   District of Arizona

3   MONICA B. KLAPPER
    Assistant U.S. Attorney
    Arizona State Bar No. 013755
4   Monica.Klapper@usdoj.gov
    Two Renaissance Square
5   40 N. Central Avenue, Suite 1200
    Phoenix, Arizona 85004-4408
    Telephone: (602) 514-7500

6

7                       UNITED STATES DISTRICT COURT

8                            DISTRICT OF ARIZONA

9   In Re:                                    No. 12 - 3327MB

10  Search Warrant For:

11  Information associated with email address     **MOTION TO SEAL SEARCH**
    gatewoodshannon@gmail.com that is stored      **WARRANT APPLICATION AND**
12  at premises controlled by Google, Inc.                **AFFIDAVIT**

13                                                   (Filed Under Seal)

14

15          The United States of America moves this Court for an Order sealing the Application and

16  Affidavit for the Search Warrant, and the Motion to Seal and the Order to Seal, on the grounds

17  that disclosure would jeopardize an ongoing investigation.

18          Respectfully submitted this 6th day of August, 2012.

19
                                        JOHN S. LEONARDO
20                                      United States Attorney
                                        District of Arizona
21

22                                      *Monica B. Klapper*
                                        MONICA B. KLAPPER
23                                      Assistant U.S. Attorney

24

25

26

27

28

AO 106 (Rev. 06/09) Application for a Search Warrant

FILED        LODGED
RECEIVED ____ COPY

OCT 1 0 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Arizona

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with email address
gatewoodshannon@gmail.com that is stored at
premises controlled by Google, Inc.

)
)
)
)
)
)
)

Case No.  12 – 3327 MB

SEALED

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

As set forth in Attachment A

located in the _____ District of _____ Arizona _____, there is now concealed *(identify the person or describe the property to be seized):*

As set forth in Attachment B

ORIGINAL

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

x  evidence of a crime;

x  contraband, fruits of crime, or other items illegally possessed;

x  property designed for use, intended for use, or used in committing a crime;

☐  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 20 USC § 1097, and 18 USC §§ 641, 371, 1343, and 1341 | Financial Aid Fraud, Theft of Public Funds, Conspiracy, Wire Fraud, and Mail Fraud |

The application is based on these facts:

See attached affidavit incorporated by reference herein.

x  Continued on the attached sheet.

☐  Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Monica B. Klapper *MK*

_____
*Applicant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  August 6, 2012

_____
*Judge's signature*

City and state:  Phoenix, AZ

Honorable Lawrence O. Anderson, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Place to Be Searched

This warrant applies to information associated with gatewoodshannon@gmail.com that is stored at premises owned, maintained, controlled, or operated by **Google, Inc.**, a company headquartered at **1600 Amphitheatre Parkway, Mountain View, CA 94043**.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Google, Inc.**

To the extent that the information described in Attachment A is within the possession, custody, or control of **Google, Inc., Google, Inc.** is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.      The contents of all e-mails stored in the account, including copies of e-mails sent from the account;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      All records or other information stored by an individual using the account, including address books, contact and buddy lists, pictures, and files;

d.      All records pertaining to communications between **Google, Inc.** and any person regarding the account, including contacts with support services and records of actions taken.

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the statutes listed on the warrant involving Shannon Dean-Gatewood since July 1, 2011, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a.     Communications between Shannon Dean-Gatewood, Bobbie Robertson-Meneses and others regarding various fraud schemes, to include FSA and tax-return frauds.  Such communications may include attached documents, such as employee listings from Gatewood's family business, letters of employment and W-2 and other tax documentation.

b.     Records relating to who created, used, or communicated with the account or identifier.

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, **Brandon Lewis** being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.     I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated by **Google, Inc**. an e-mail provider headquartered at **1600 Amphitheatre Parkway, Mountain View, CA 94043**.   The information to be searched is described in the following paragraphs and in Attachment A.   This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require **Google, Inc.** to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

2.     I am a special agent (SA) with the United States Department of Education (ED), Office of Inspector General (ED-OIG), and have been so employed since May 2010. Prior to my service with ED-OIG, I conducted complex fraud investigations for nearly six years as an SA with the Bureau of Land Management and as a postal inspector with the United States Postal Inspection Service.  As part of my current duties, I am authorized to conduct investigations in connection with the administration and enforcement of laws, regulations, orders, contracts and programs in which the United States Department of Education (ED) is, or may be a party of interest, and perform other duties on behalf of the

Secretary of Education.  My chief responsibility is the investigation of fraud involving federally funded grants and loans for education.

3.     I am a graduate of USPIS Academy where I received instruction regarding the investigation of fraud and other criminal offenses.  During the course of my employment with the USPIS and with ED-OIG, I primarily conducted complex white-collar fraud investigations and have been the affiant on multiple search warrants, most of which included the search and seizure of computers and electronic storage devices which had been used to store, process, and transmit data during the commission of various fraud schemes.  Through my training and duties as an SA, I have become familiar with the process, eligibility requirements, and documents, both electronic and paper, which pertain to federal student financial aid programs.  In accordance with Title IV of the Higher Education Act, one of the functions of ED is to administer Federal Student Aid (FSA) funds—namely federally insured student loans and federal grants—in connection with students' attendance at post-secondary institutions.

4.     The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Beginning April 2012 through the present, your affiant has participated in an investigation into possible violations of Title 20, United States Code, Section 1097 (Financial Aid Fraud); (2) Title 18, United States Code, Section 641 (Theft of Public Funds); (3) Title 18, United States Code, Section 371 (Conspiracy to Commit Financial

Aid Fraud and/or Theft of Public Funds); (4) Title 18, United States Code, Section 1343 (Wire Fraud) and (5) Title 18, United States Code, Section 1341 (Mail Fraud).   During the subject investigation, your affiant participated in the execution of three Federal Search Warrants on May 31, 2012.   Upon reviewing evidence seized during the execution of the warrants, and upon evaluating information obtained while conducting subject interviews, your affiant learned that during the period of July 2011 through April 2012, Bobbie Robertson-Meneses (Robertson-Meneses), Ramon Meneses, Dorothy Taylor (Taylor), Jardon Laforcarde (Laforcarde), and others, are responsible for applying for over $300,000 in combined FSA for 30 individuals who were ineligible to receive the FSA because they were incarcerated in an Arizona Department of Corrections (AZDOC) facility during the FSA application and disbursement process.   Furthermore, your affiant learned that a person name Shannon Dean-Gatewood apparently assisted the aforementioned individuals with the scheme to fraudulently obtain FSA funds and used the **Google, Inc**. email address of gatewoodshannon@gmail.com to facilitate this and possibly other fraud schemes.

6.     On this basis, and as set forth in detail below, your affiant believes probable cause exists to search the email address of gatewoodshannon@gmail.com for evidence of the scheme to defraud the U.S. Government of FSA and possibly other funding.

### Summary of Investigation

7.     On May 31, 2012, your affiant and teams of agents from the ED-OIG and U.S. Postal Inspection Service executed three Federal Search Warrants, 12-10266MB, 12-10267MB, and 12-10268MB.   Pursuant to the execution of the warrants, your affiant

interviewed Robertson-Meneses, one of fraud ringleaders.   During the interview, Robertson-Meneses told your affiant that a person named Shannon Dean-Gatewood (Gatewood) assisted her during the scheme to fraudulently obtain FSA by obtaining and providing copies of bogus driver licenses for the inmates whose identities were submitted to Rio Salado and Mesa Community Colleges to obtain the FSA.   Robertson-Meneses said she introduced Gatewood to coconspirator Laforcarde, who was in prison with Robertson-Meneses' husband, Ramon Meneses, and that Laforcarde and Gatewood wanted to use Gatewood's business connections to expand the size of the fraud ring and that Gatewood and Laforcarde wanted to start filing fraudulent tax returns on behalf of the inmates. Robertson-Meneses said she had a falling out with Gatewood and they quit communicating with each other around the end of 2011.

8.    Upon reviewing evidence obtained during the execution of the warrants, your affiant identified paper copies of fake Arizona driver licenses and fake W-2 Wage and Tax Statement forms that were in the names of inmates.   Your affiant also identified papers indicative of multiple Yahoo and AOL email accounts having been established for various individuals.    Your affiant also observed a blank paper with the letterhead for a company called Paver Dean.  During previous investigations, your affiant learned Rio Salado and Mesa Community College require a copy of Arizona driver license for a student to be eligible to receive a lower, in-state tuition rate.  Your affiant is also aware that colleges require students to produce various tax documents if they have been selected for income verification. On June 7, 2012, your affiant and another agent interviewed Robertson-Meneses a second time and showed her the bogus identifications and W-2s

with the startup notifications for the various email accounts.  Robertson-Meneses told your affiant that Gatewood provided her the bogus identifications and W-2s. Furthermore, Robertson-Meneses told your affiant that Gatewood had set up the Yahoo and AOL accounts to process fraudulent tax filings with the IRS.  Robertson-Meneses told your affiant Gatewood gave her the Paver Dean letterhead to utilize in the various fraud schemes.     Robertson-Meneses told your affiant she had some email communications with Gatewood preserved in Robertson-Meneses' email account of bobbieramon143@live.com and gave your affiant permission to search the email account.

9.     Your affiant logged into the bobbieramon143@live.com email account and identified several email communications with a Shannon Dean utilizing the email account of gatewoodshannon@gmail.com.  A description of these emails is provided below:

a.     Email, dated October 4, 2011, from bobbienramon143@live.com to gatewoodshannon@gmail.com with an attached document dated October 3, 2011.  The attached document is addressed to the Arizona State Prison Board and is a reference letter regarding the early release program available to Meneses and reports Meneses employment history with Dean Companies, which is willing to hire Meneses back as a full-time foreman. The name and title of Shannon Dean, CFO was included at the bottom of the letter.

b.     Email   exchange,   dated   October   12;   2011,   between gatewoodshannon@gmail.com and bobbienramon143@live.com listed the following email addresses with what appears to be corresponding

passwords for the email addresses: martinez.tommy60@yahoo.com (redsun31), marcus_mattes@yahoo.com (redsun27), martinez.tommy601@yahoo.com (money2011), sandra.myles18@yahoo.com (redsun29), m.tyler0995@yahoo.com (redsun32), and lynn.amanda656@yahoo.com (redsun32). This email had attached documents, titled Employee New Hire Report for Dean Fence & Gate, Inc., which listed the names, Social Security Numbers, addresses, dates of births, and hire dates for multiple individuals who appear to be employees for Dean Fence & Gate, Inc.

c.    Email exchange, dated October 25, 2011, between gatewoodshannon@gmail.com and bobbienramon143@live.com listed the names and what appears to be Social Security Numbers for several individuals. One of the names was for Partick (sic) Amarillas, who has been incarcerated in an AZDOC facility from December 2009 through the present. Amarillas was one of the inmates whose identity was used to fraudulently obtain FSA. At the bottom of the email that appears to originate from Robertson-Meneses is a message that reads:  here is some lets see what he can do first you know met Trust no One...ill forward some of your infos from over there if you want.

d.    Email exchange that covered multiple dates in December 2011 in which it appeared someone had hacked into Gatewood's business email account, shannon@deanfence.com, and sent an email to her contacts,

claiming Gatewood steals innocent people's money.  The email exchanges read as follows:

> *December 23, 2011* – To whom it may concern, Just so everyone knows, I am a scam artist who steals innocent people's money by depositing fake checks into their accounts. I rip people's hard earned money off every day of my life…What I do is talk someone into letting me deposit a fake check into their account, once the check clears I tell them to go get the money out as soon as possible.  They then take out the money (around 3-6 grand) and I tell them they can keep $500.  They give me the rest and the next day or so the check bounces and they are now stuck with thousands of dollars of debt…Sincerely, Shannon Lee Dean-Gatewood.

> *December 24, 2011* – An email from gatewoodshannon@gmail.com account to what appears to be all the contacts who had received the aforementioned email dated December 23, 2011, this email reads:  To everyone who received this email, my email was hacked by someone who stole my phone.  I have finally after hours and hours of headaches successfully regained control of my account.  I don't know what kind of sick jokes people play but I wanted everyone to know this wasn't me.  Hopefully the police will

be able to track this thief...I apologized for the inconvenience and disturbance this has caused.  Happy Holidays and God Bless.

*December 31, 2011 –* An email from kele@forwardshow.com to what appears to be the same distribution list that reads: The letter was not too far off now was Shannon.  You did me wrong.  Stole from me too and I know a long list of other people you have done wrong.  You sleep with people to be able to scam them for money along with lying and stealing from your "friends" as I experience with you.  You hurt people & ruin lives.  I am actually glad that someone hacked into your accounts and brought to light what a true liar, scam artist, con-artist and bitch you are...

Your affiant has not investigated the accuracy of the content of the emails he obtained from Robertson-Meneses' email account; however, these emails corroborate what Robertson-Meneses told your affiant, that Gatewood had some involvement with the FSA and other fraud schemes and that the gatewoodshannon@gmail.com email account was used to exchange information to facilitate some of these fraud schemes.

10.    On June 27, 2012, your affiant and another agent were in AZDOC facilities in Tucson interviewing inmates whose names were associated with this scheme to fraudulently obtain FSA.  During this visit to these prisons, AZDOC staff provided your affiant a box of documents they obtained from Laforcarde's cell.  Your affiant and the

accompanying agent reviewed Laforcarde's documents. Your affiant located documents in which Laforcarde listed various contacts, to include information for Shannon. Two of the phone numbers, (480) 650-2442 and (310) 499-6586, listed for Shannon, were identical to the phone numbers listed on Gatewood's referral letter (¶ 9(a)) addressed to the Arizona State Prison Board on behalf of Meneses; the referral letter identified (310) 499-6586 and (480) 650-2442 as being Shannon Dean's cell and home phone numbers, respectively. Your affiant also observed the last names of three prisoners, Satchell, Manning, and Fowler, whose identities were used to fraudulently obtain FSA, written near Shannon's name and phone numbers. Subsequent to reviewing Laforcarde's documents, your affiant and the accompanying agent interviewed Laforcarde. During the interview, Laforcarde told your affiant Shannon was his acquaintance but did not elaborate on the nature of their relationship.

11.   On July 6, 2012, your affiant attended a proffer meeting at the U.S. Attorney's Office in which Taylor provided information about the FSA fraud ring. During this meeting, Taylor told your affiant she met Gatewood through Robertson-Meneses several times. Taylor said Gatewood called herself "The Boss."

<b>Technical Background</b>

12.   In my training and experience, I have learned that **Google, Inc.** provides a variety of on-line services, including electronic mail ("e-mail") access, to the general public, which is commonly known as "gmail" accounts. Subscribers obtain an account by registering with **Google, Inc**. During the registration process, **Google, Inc.** asks subscribers to provide basic personal information. Therefore, the computers of **Google,**

**Inc.** are likely to contain stored electronic communications (including retrieved and unretrieved e-mail for **Google, Inc.** subscribers) and information concerning subscribers and their use of **Google, Inc.** services, such as account access information, e-mail transaction information, and account application information.

13.    In general, an e-mail that is sent to a **Google, Inc.** subscriber is stored in the subscriber's "mail box" on **Google, Inc.** servers until the subscriber deletes the e-mail.  If the subscriber does not delete the message, the message can remain on **Google, Inc.** servers indefinitely.

14.    When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to **Google, Inc**'s servers, and then transmitted to its end destination.  **Google, Inc.** often saves a copy of the e-mail sent.  Unless the sender of the e-mail specifically deletes the e-mail from **Google, Inc's** server, the e-mail can remain on the system indefinitely.

15.    A **Google, Inc.** subscriber can also store files, including e-mails, address books, contact or buddy lists, pictures, and other files, on servers maintained and/or owned by **Google, Inc.**

16.    Subscribers to **Google, Inc.** might not store on their home computers copies of the e-mails stored in their **Google, Inc.** account.  This is particularly true when they access their **Google, Inc.** account through the web, or if they do not wish to maintain particular e-mails or files in their residence.

17.    In general, e-mail providers like **Google, Inc.** ask each of their subscribers to provide certain personal identifying information when registering for an e-mail account.

This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

18.    E-mail providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google, Inc.'s website), and other log files that reflect usage of the account.  In addition, e-mail providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the e-mail account.

19.    In some cases, e-mail account users will communicate directly with an e-mail service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. E-mail providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

## Information To Be Searched and Things To Be Seized

20.     Your affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require **Google, Inc.** to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## Conclusion

21.     For the reasons discussed above, probable cause exists to believe that Bobbie Robertson-Meneses, her husband Ramon Meneses and his cellmate Jardon Laforcarde, and her associates, to include Dorothy Taylor and Shannon Dean-Gatewood have committed FSA fraud. Specifically, these individuals, along with others, appear to comprise an FSA-fraud ring that includes upwards of 31 prisoners, including Ramon Meneses, whose identities have been used to fraudulently receive over $217,332 in combined FSA during the period November 2009 through April 2012, most of which occurred between July 2011 through April 2012.  Probable cause exists to believe Gatewood facilitated the fraud scheme by providing fraudulent documentation to Robertson-Meneses so the inmates could be enrolled into college courses to obtain FSA and to apply for Federal tax refunds for the inmates.

22.     Probable cause also exists to believe the email address of gatewoodshannon@gmail.com was used to exchange information to facilitate the FSA,

and possibly other, fraud schemes during the period of October 2011 through December 2011. Based upon my investigation, the facts set forth above, and my training and experience conducting these types of investigations, I submit that there is probable cause to believe that evidence of violations (1) Title 20, United States Code, Section 1097 (Financial Aid Fraud); (2) Title 18, United States Code, Section 641 (Theft of Public Funds); (3) Title 18, United States Code, Section 371 (Conspiracy to Commit Financial Aid Fraud and/or Theft of Public Funds); (4) Title 18, United States Code, Section 1343 (Wire Fraud); and (5) Title 18, United States Code, Section 1341 (Mail Fraud), consisting of the matters and materials described in Attachment B may be found on the computer systems in the control of **Google, Inc.** in the email account of gatewoodshannon@gmail.com, further described in Attachment A.   Accordingly, a search warrant is requested.

23.   This Court has jurisdiction to issue the requested warrant because it is "a court with jurisdiction over the offense under investigation." 18 U.S.C. § 2703(a).

24.   Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

25.   I hereby declare and affirm that the facts set forth herein are true and correct to the best of my knowledge.

### Request for Sealing

26.   It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.   I believe that sealing this document is necessary because the items

and information to be seized are relevant to an ongoing investigation involving numerous participants. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, e.g., by posting them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Brandon Lewis, Special Agent
U.S. Department of Education
Office of Inspector General

Subscribed and sworn to before me
on August _6_ , 2012.

Honorable Lawrence O. Anderson, U.S. Magistrate Judge